## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. _____

JEFFREY SABIN, M.D.,

Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY
and UNUM GROUP,

Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants The Paul Revere Life Insurance Company ("Paul Revere") and Unum Group give notice of the removal of this action from the Denver County District Court, State of Colorado, to the United States District Court for the District of Colorado.

### INTRODUCTION

1. This lawsuit arises out of Plaintiff's claim for monthly disability insurance benefits.

2. Paul Revere issued an individual disability policy to Dr. Sabin, policy no. No. 0102663943 (Complaint & Jury Demand, ¶10).

3. Plaintiff submitted a disability claim in October of 2020 (*Id.* at ¶29).

4. Paul Revere accepted Plaintiff's claim (*Id.* at ¶31).

119931055.1

5. It thereafter paid 24 months of benefits, the maximum benefit period for a residual disability (*Id.* at ¶33).

6. Plaintiff filed a Complaint in the Denver County District Court, State of Colorado, Case No. 2023CV30043 (the "State Action") on January 5, 2023.

7. Plaintiff's Complaint contains three claims for relief against Defendants: (1) Breach of Contract against Paul Revere, (2) "Bad Faith Breach of Insurance Contract" and (3) Violation of C.R.S. § 10-3-1115-1116.

### DIVERSITY JURISDICTION

8. Plaintiff's Complaint asserts claims over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (A) the parties are citizens of different states; and (B) the amount in controversy exceeds $75,000.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

9. Plaintiff is a Colorado citizen. He is a resident of Jefferson County, Colorado (*Id.* at ¶1).

10. Defendant Paul Revere is a Massachusetts corporation with a principal place of business in Maine (*Id.* at ¶2). *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . ."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("'[P]rincipal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").

11. Defendant Unum Group is a Delaware corporation with a principal place of business in Tennessee (Complaint & Jury Demand, ¶3).

2

12. For purposes of federal diversity jurisdiction, the parties are citizens of different states and their citizenship is completely diverse.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. Plaintiff seeks a monetary judgment in excess of $75,000.

14. Plaintiff's lawsuit arises out of the denial of his claim for monthly disability insurance benefits. *See generally* Complaint & Jury Demand.

15. In his First Claim for Relief (Breach of Contract against Paul Revere), Plaintiff seeks allegedly past due monthly disability benefits from January 6, 2021, to the present (*Id.* at ¶¶52-56). These back benefits through January 30, 2022 (without interest) exceed $75,000.

16. In his Second Claim for Relief (Bad Faith Breach of Insurance Contract), Plaintiff seeks contract benefits and non-economic damages (*Id.* at ¶¶57-63).

17. In his Third Claim for Relief (Violation of C.R.S. § 10-3-1115-1116), he seeks two times the amount of the covered benefit, reasonable attorneys' fees and costs (*Id.* at ¶¶64-74).

18. In his Civil Case Cover Sheet filed with the Denver County Court, Plaintiff certified that she was seeking more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs:

> ☒ This party is seeking a monetary judgment against another party for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:
>
> > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonable available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonable believed to exceed $100,000."

19.     The civil cover sheet constitutes an "other paper" under § 1446(b)(3) and provides evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

20.     The amount sought by Plaintiff exceeds the $75,000 amount in controversy threshold. *See, e.g., Washington v. Am. Family Mut. Ins. Co.,* 2013 WL 1414241 (D. Colo. 2013) (adopting an Order and Recommendation that a plaintiff's claim for damages, which in part included a claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

21.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## COMPLIANCE WITH THE RULES

22.     All procedural requirements related to the removal of this action have been satisfied.

23.     This Notice of Removal is filed within 30 days of receipt by Defendant Paul Revere by service of the Summons and Complaint and is therefore timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).[1]

24.     Concurrent with this Notice of Removal, Defendants are filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions, and other papers known to have been served on Defendant.

---

[1] Defendant Paul Revere received a copy of the Complaint and Summons on January 9, 2023.

25. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint, Civil Case Cover Sheet, and Summons are attached to this Notice of Removal as **Exhibits 1, 2, and 3**, respectively.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

27. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2023CV30043, District Court, Denver County, Colorado. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 4**.

28. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

29. Pursuant to Fed. R. Civ. P. 81(c), Defendants will present their defenses by pleading at the time prescribed therein, and specifically reserve their right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

30. Venue is proper in the District of Colorado because this District includes the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

WHEREFORE, Defendants request that the action now pending in the Denver County District Court, Colorado, Case No. 2023CV30043, be removed therefrom to this Court and that all further proceedings be heard in this Court.

119931055.1

Respectfully submitted January 27, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Elizabeth Michaels*
Elizabeth Michaels
1601 19th Street, Suite 1000
Denver, CO 80202
(303) 628-9560
(303) 623-9222 (f)
EMichals@lewisroca.com

Stephen M. Bressler
201 E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 262-5311
(602) 262-5747 (f)
Sbressler@lewisroca.com

*Attorneys for Defendants The Paul Revere Life Insurance Company and Unum Group*

## CERTIFICATE OF SERVICE

I certify that on January 27, 2023, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Zachary Warzel
Ross Pulkrabek
KEATING WAGNER POLIDORI FREE, PC
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
(303) 534-8333 (f)
zwarzel@keatingwagner.com
rpulkrabek@keatingwagner.com

*Attorneys for Plaintiff*

*s/ Elizabeth Michaels*
Elizabeth Michaels

119931055.1