UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.  Case 1:23-cv-00236-DDD-KLM

JEFFREY SABIN, M.D.,

Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY
and UNUM GROUP,

Defendants.

## ANSWER

The Paul Revere Life Insurance Company ("Paul Revere") and Unum Group answer Plaintiff's Complaint and Jury Demand (ECF No. 1-1) as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Defendants admit that Paul Revere is licensed to do business in the State of Colorado and further admit that Paul Revere is a Massachusetts corporation and a subsidiary of Unum Group. Defendants deny the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Unum Group is the parent corporation of Paul Revere. Defendants state that pursuant to an agreement between Paul Revere and Unum Group, Unum Group employees provide various services to and on behalf of Unum Life, including the administration of claims.

119980740.6

4. Defendants admit that Paul Revere is engaged in the business of insurance in the State of Colorado. Defendants deny that Unum Group is an insurer.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 5 of Plaintiff's Complaint and therefore deny the same.

6. Defendants admit that the United States District Court for the District of Colorado has diversity jurisdiction.

7. Defendants admit that the United States District Court for the District of Colorado has jurisdiction over the subject matter of this action.

8. Defendants admit that venue is proper in the United States District Court for the District of Colorado. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

**Purchase and Terms of the Policy**

9. Defendants admit that Plaintiff worked as an orthopedic surgeon. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9, and therefore, deny them.

10. Defendants admit that Paul Revere issued an individual preferred professional disability income policy to Plaintiff, Policy No. 0102663943 (the "Policy").

11. Paragraph 11 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.

12. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13. Plaintiff has selectively referred to portions of the Policy in paragraph 13. Defendants allege that the best evidence of what the Policy provides is the entirety of the Policy.

14. Plaintiff has selectively quoted portions of the Policy in paragraph 14. Defendants allege that the best evidence of what the Policy provides is the entirety of the Policy.

15. Defendants admit that Plaintiff listed this information on his application for the Policy.

16. Defendant admits that Plaintiff signed the application and quoted a portion of the affirmation.

17. Defendants admit that Plaintiff stopped performing surgeries in July 2020.

18. Defendants admit that Plaintiff accepted expert witness engagements. Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 18 of Plaintiff's Complaint, and therefore, deny them.

**Onset of Dr. Sabin's Alleged Total Disability**

19. Defendants admit Plaintiff was treated by ophthalmologist Todd Maus, M.D. Defendants deny the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that the medical records indicate Plaintiff was given medications as part of his treatment.

22. Defendants admit that the medical records indicate Plaintiff had a course of treatment for bilateral glaucoma and age-related cataracts. Defendants deny the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants admit that Plaintiff claims to be unable to perform surgery due to his vision. Defendants deny the remaining allegations of paragraph 23 of Plaintiff's Complaint.

119980740.6

24. Defendants admit that Plaintiff stopped performing surgery on or around July 9, 2020.

25. Defendants admit that Plaintiff continued working as an Orthopedic Surgeon after July 9, 2020. Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit that on April 23, 2021, Paul Revere received a letter from Plaintiff's counsel advising that Plaintiff was closing his clinical practice as of May 27, 2021. Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit that Plaintiff no longer treats patients. Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 28 of Plaintiff's Complaint, and therefore, deny them.

**Dr. Sabin's Disability Claim**

29. Defendants admit the allegation in paragraph 29 of Plaintiff's Complaint.

30. Defendants admit that Dr. Maus submitted an Attending Physician Statement citing a diagnosis of bilateral glaucoma. Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants admit that Paul Revere sent Plaintiff a letter dated January 6, 2021, and that the Complaint quotes portions of the letter. The best evidence of the letter is the entirety of the letter. Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint to the extent they are inconsistent with the contents of the letter.

32. Defendants admit that Paul Revere sent Plaintiff a letter dated January 6, 2021, and that the Complaint quotes portions of the letter. The best evidence of the letter is the entirety

4

of the letter. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint to the extent they are inconsistent with the contents of the letter.

33. Defendants admit that Plaintiff's claim would be evaluated to determine Plaintiff's eligibility for residual disability benefits under the Policy and requested additional information in order to make that determination. Defendants also admit that residual disability under the Policy has a 24-month maximum benefit period. Defendants deny the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants admit that Plaintiff sent a response letter dated January 10, 2021. Defendants allege the best evidence of the letter is the entirety of the letter.

35. Defendants admit the allegation in paragraph 35 of Plaintiff's Complaint.

36. Defendants admit that Paul Revere sent Plaintiff a letter dated February 12, 2021. The best evidence of the letter is the entirety of the letter. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint to the extent they are inconsistent with the contents of the letter.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants admit that the Plaintiff's counsel sent a letter dated April 23, 2021 with corresponding exhibits, and that the Complaint quotes portions of the letter. The best evidence of the letter is the entirety of the letter.

40. Defendants admit that Paul Revere sent Plaintiff a letter dated May 17, 2021, advising that the earlier decision on Plaintiff's claim was correct, and that Plaintiff remained capable of performing some duties of his occupation, and they admit that the Complaint quotes portions of the letter. The best evidence of the letter is the entirety of the letter. Defendants deny

the allegations in paragraph 40 of Plaintiff's Complaint to the extent they are inconsistent with the contents of the letter.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants admit that Plaintiff has advised, through counsel, that his clinical practice closed as of May 27, 2021.  Defendants deny the remaining allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**(Alleged Breach of Contract against Paul Revere)**

52. Defendants reassert and incorporate their responses to paragraphs 1-51 above.

53. Defendants admit the allegation in paragraph 53 of Plaintiff's Complaint.

54. Defendants admit the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**
**(Alleged Bad Faith Breach of Insurance Contract)**

57. Defendants reassert and incorporate their responses to paragraphs 1-56 above.

6

58. Defendants admit that Paul Revere issued, and Unum administered an individual disability income policy to Plaintiff.  Defendants deny the remaining allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendants admit that there is an implied duty of good faith and fair dealing that applies to both parties to a contract.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations in paragraph 61, including subparts (a) – (j), of Plaintiff's Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

**THIRD CLAIM FOR RELIEF**
**(Alleged Violation of C.R.S. § 10-3-1115)**

64. Defendants reassert and incorporate their responses to paragraphs 1-63 above.

65. Defendants admit that Plaintiff has referenced a portion of C.R.S. § 10-3-1115 in paragraph 65 of Plaintiff's Complaint.  Defendants allege that the best evidence of the contents of C.R.S. §§ 10-3-115 and 1116 is the entirety of the statute.

66. Defendants admit that Paul Revere is engaged in the business of insurance in the State of Colorado.

67. Defendants admit the allegation in paragraph 67 of the Complaint.

68. Defendants deny that they have unreasonably delayed or denied payment of a claim for benefits owed to or on behalf of Plaintiff.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

## GENERAL DENIAL

75. Defendants deny Plaintiff is entitled to the relief sought in the "Prayer for Relief" section of Plaintiff's Complaint.

76. Defendants deny any factual allegations contained in any headings or subheadings of Plaintiff's Complaint.

77. Defendants deny each and every allegation of Plaintiff's Complaint that is not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

78. Plaintiff's Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

79. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages, if any.

80. Defendants do not intentionally waive any affirmative defense and reserve the right to move to amend this Answer in the event facts become known to support any such defense.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court (A) dismiss Plaintiff's Complaint with prejudice, whereby Plaintiff takes nothing; (B) award Defendants their costs, expenses, interest, expert witness fees; and (C) grant such other and further relief as the Court deems just.

119980740.6

Respectfully submitted February 23, 2023.

                LEWIS ROCA ROTHGERBER CHRISTIE LLP

                *s/ Elizabeth Michaels*
                Elizabeth Michaels
                1601 19th Street, Suite 1000
                Denver, CO 80202
                Phone: (303) 628-9560
                Fax: (303) 623-9222
                E-Mail:  EMichals@lewisroca.com

                Stephen M. Bressler
                201 E. Washington Street, Suite 1200
                Phoenix, AZ 85004
                Phone: (602) 262-5311
                Fax: (602) 262-5747
                E-Mail:  SBressler@lewisroca.com

                *Attorneys for Defendants The Paul Revere Life Insurance Company and Unum Group*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2023 a true and correct copy of the foregoing **ANSWER** was filed via the CM/ECF system and was served upon the following:

Zachary Warzel
Ross Pulkrabek
KEATING WAGNER POLIDORI FREE, PC
1290 Broadway, Suite 600
Denver, CO 80203
Phone: (303) 534-0401
Email:  zwarzel@keatingwagner.com
        rpulkrabek@keatingwagner.com

*Attorneys for Plaintiff*

                *s/ Elizabeth Michaels*

9

119980740.6