**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00236-DDD-KLM

JEFFREY SABIN, M.D.,

      Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY and UNUM GROUP,

      Defendants.

---

**SCHEDULING ORDER**

---

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference in this matter took place on April 3, 2023.

Counsel for Plaintiff:

      KEATING WAGNER POLIDORI FREE, P.C.

      Zachary Warzel
      Ross Pulkrabek
      Aaron Goldhamer
      1290 Broadway, Suite 600
      Denver, CO 80203
      303.534.0401

Counsel for Defendants:

      LEWIS ROCA ROTHGERBER CHRISTIE LLP

      Elizabeth Michaels
      1601 19th Street, Suite 1000
      Denver, CO 80202
      303.623.9000

120603341.1

1

Stephen M. Bressler
201 E. Washington Street, Suite 1200
Phoenix, AZ 85004
602.262.5311

## 2.   STATEMENT OF JURISDICTION

Plaintiff's Complaint asserts claims over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states (Plaintiff is a Colorado citizen; Defendant The Paul Revere Life Insurance Company is a Massachusetts corporation with a principal place of business in Maine; Defendant Unum Group is a Delaware corporation with a principal place of business in Tennessee) and the amount in controversy exceeds $75,000.

## 3.   STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

Dr. Sabin became an Orthopedic Surgeon, with a specialty in spine surgery, after graduating from medical school in 1983. In 1994, Dr. Sabin purchased an individual "Preferred Professional Disability Income Policy" from Defendant The Paul Revere Life Insurance Company ("Paul Revere"), Policy Number 0102663943 (the "Policy"). Defendant Unum Group is the parent company of Paul Revere and administers the Policy.

The Policy extends Dr. Sabin disability coverage that ensured he will receive guaranteed monthly income in the event he becomes disabled from his occupation as an orthopedic surgeon with a specialty in spine surgery, even if he is able to do other work. For total disability, the Policy provides "lifetime" coverage; i.e., there is no maximum benefit period and benefits will be paid for so long as Dr. Sabin remains disabled, until his death.

Dr. Sabin worked as an orthopedic surgeon specializing in spine surgery until his vision suddenly was damaged and he was rendered unable to continue performing surgeries in 2020. Dr. Sabin ultimately underwent six separate surgical procedures on his eyes. Due to his inability to perform surgery because of his vision issues, Dr. Sabin was forced to close his clinical practice entirely on May 27, 2021, and can no longer treat patients even in an office-visit setting.

Before Dr. Sabin's vision was damaged, his reputation and qualifications led lawyers to retain him as an expert witness in litigation. Dr. Sabin's expert witness engagements were separate and apart from his normal clinical practice, with much of the work conducted after hours, at home, and on the weekends, and did not involve the treatment of patients. For now, Dr. Sabin continues to accept engagements for expert witness consulting in the legal setting. However, in addition to the fact that Dr. Sabin never intended that his occupation be an expert witness detached from any ability to practice medicine, it is anticipated that his expert witness work will diminish and ultimately stop in the future due to his inability to perform spinal surgery and treat patients.

Dr. Sabin submitted a total disability claim under the Policy in October 2020. On January 6, 2021, Defendants wrote to Dr. Sabin and agreed that he was no longer able to perform surgery and that his "occupation is that of a self-employed orthopedic spine surgeon." Defendants nevertheless asserted that Dr. Sabin was not totally disabled because "the medical / legal reviews you perform in your occupation are also considered to be an important duty of your occupation[,]" and that he may be "residually disabled" but not "totally disabled" under the terms of the Policy. Notably, "residual disability" under the Policy has a 24-month maximum benefit period.

Although Dr. Sabin continued to cooperate with Defendants' investigation of his claim, Defendants did not change their position. Defendants based their position on an analysis of

120603341.1

3

"Current Procedural Terminology" ("CPT") billing codes. CPT is not the methodology or standard provided by the Policy for determining total disability. This analysis disregarded the aspect of Dr. Sabin's surgical practice involving examination and treatment of patients in an office setting.

Plaintiff contends that the Policy's definition of "Total Disability" is ambiguous and must be construed in favor of Dr. Sabin under Colorado law. The Policy, as written, does not require that the insured must be unable to perform "each and every" duty of his occupation in order to be considered totally disabled. Defendants insist that Dr. Sabin's acceptance of expert witness engagements was an important part of his occupation as a spine surgeon and that his ability to continue doing so precluded a finding of total disability. This position is unreasonable, contrary to industry standards, and has been rejected by courts around the country, as Paul Revere knows. *See, e.g., Leonor v. Provident Life & Acc. Co., Paul Revere Life Ins. Co.*, 790 F.3d 682 (6th Cir. 2015).

On these facts, Plaintiff asserts claims for Breach of Contract against Paul Revere, Bad Faith Breach of Insurance Contract against Paul Revere and Unum Group, and violation of C.R.S. § 10-3-1115 against Paul Revere and Unum Group.

**Defendants:**

The question presented by this case is whether Plaintiff Jeffrey Sabin is totally or residually (partially) disabled under the terms of an individual disability income insurance policy issued by The Paul Revere Life Insurance Company to Plaintiff, Policy Number 0102663943 (the "Policy"). If Plaintiff is totally disabled, then the Policy provides lifetime benefit.  And if Plaintiff is residually disabled, then the Policy provides 24 months of benefits.

The Policy defines "Total Disability as "because of Injury or Sickness: a. You are unable to perform the important duties of your Occupation; and b. You are receiving Physician's Care.".

"Residual Disability" is defined as "due to Injury or Sickness which begins prior to age 65: a. (1) You are unable to perform one or more of the important duties of Your Occupation; or (2) You are unable to perform the important duties of your Occupation for more than 80% of the time normally required to perform them; and b. You are receiving Physician's Care. ... ; and c. You are not Totally Disabled." The Policy defines "Your Occupation" as "the occupation or occupations in which You are regularly engaged at the time Disability begins." The maximum benefit period for Residual Disability benefits under the Policy is the insured's 65th birthday or the "date on which 24 months of Disability benefits have been paid."

In 2020, Dr. Sabin submitted a claim for benefits under the Policy, in which he described his occupational duties as consisting of "office practice," "medical-legal," and "surgery." Dr. Sabin reported that he could not perform surgery due to glaucoma. After an investigation, Paul Revere determined that Dr. Sabin was Residually Disabled under the terms of the Policy because he remained capable of performing medical-legal reviews as an expert witness, which comprised 37% of Dr. Sabin's earnings in the year before his disability began. Paul Revere then calculated the loss to Dr. Sabin's income on a monthly basis beginning in October 2020 and paid him the benefits he was due for the months of October 2020 through February 2021. Dr. Sabin appealed Paul Revere's decision, claiming that the medical-legal reviews he performed were not part of his occupation as an orthopedic surgeon, and the decision was reviewed and upheld by the Appeals Unit on May 17, 2021.

Paul Revere continued to monitor Plaintiff's claim. In July 2022, Paul Revere reviewed additional financial information and determined that Dr. Sabin had not experienced the requisite

loss of at least 20% of his income during the period from January 2022 through May 2022. Thereafter, Paul Revere closed Dr. Sabin's claim.

Paul Revere's decision that Dr. Sabin was Residually Disabled under the Policy was made in good faith and is correct. Performing medical-legal reviews as an expert witness was significant part of Dr. Sabin's occupation when he became disabled. Hence, under the Policy's definition of "Your Occupation," medical-legal reviews were an important duty of Dr. Sabin's Occupation.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     Paul Revere is a subsidiary of Unum Group.

2.     Dr. Sabin purchased an individual Preferred Professional Disability Income Policy, Number 0102663943 (the "Policy"), from Paul Revere.

3.     The Policy is a contract of insurance.

4.     Dr. Sabin stopped performing surgeries in July 2020.

5.     Dr. Sabin submitted a disability claim under the Policy in October 2020.

6.     The Policy was in full force and effect, with all premiums paid, when Dr. Sabin submitted his total disability claim.

7.     Dr. Sabin advised Defendants that he closed his clinical practice on May 27, 2021.

## 5. COMPUTATION OF DAMAGES

**Plaintiff's position:**

Plaintiff seeks the following damages from Defendants: (a) economic damages equal to the amount of benefits owed to Plaintiff from July 9, 2020, to the present at the rate of $15,000 per month (currently estimated to be approximately $480,000); (b) economic damages equal to the

amount of benefits owed to Plaintiff from today to the date of judgment (amount unknown at this time, but estimated to be over $270,000); (c) acceleration of future benefits owed to Dr. Sabin (from date of judgment to his life expectancy of 83 years) given his lifetime disability and permanent injury to his eyes, reduced to present value (currently estimated to be approximately $2,650,000 total, reduced to present value of $1,344,009.98), or, alternatively, placement back on claim for receipt of ongoing disability benefits from the date of judgment going forward; (d) statutory damages equal to two times the amount of benefits owed to Plaintiff from July 9, 2020 to the date of judgement (currently estimated to equal $1,500,000); (e) non-economic damages in an amount to compensate Plaintiff for the stress, worry, and fear caused by Defendants' bad faith conduct; (f) attorney fees and costs, as permitted by C.R.S. § 10-3-1116; and (g) pre- and post-judgment interest.

**Defendants' position:**

Defendants deny that Plaintiff is entitled to the damages he seeks.

### 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting:

February 28, 2023

b.   Names of each participant and party he/she represented:

Zachary Warzel and Aaron Goldhamer for Plaintiff

Elizabeth Michaels and Stephen M. Bressler for Defendants

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The parties will, by agreement, make their Rule 26(a)(1) disclosures by noon on March 31, 2023.

        d.        Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

        None.

        e.        Statement concerning any agreements to conduct informal discovery:

        None.

        f.        Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

        The parties agree that depositions may be taken remotely and that they will produce documents in discovery in PDF format unless the need for a different format arises.

        g.        Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

        The parties do not anticipate that their claims and defenses will involve extensive electronically stored information or that an unusual amount of disclosure or discovery will involve information or records maintained in electronic form.

        h.        Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

        In light of discussions to date which have not suggested much near-term prospect of settlement, the parties anticipate that discovery will be required prior to any realistic possibility of settling or resolving the case.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

        a.        Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

        None.

        b.        Limitations which any party proposes on the length of depositions:

Depositions shall each be limited to one (1) day of seven (7) hours.

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission:

The parties agree to the presumptive limit of twenty-five (25) requests for production and twenty-five (25) requests for admission.

d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

January 10, 2024.

e. Other Planning or Discovery Orders:

None.

## 9.   CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings:

May 18, 2023 (45 days after the date of the scheduling conference)

b.     Discovery Cut-off:

February 9, 2024.

c.     Dispositive Motion Deadline:

March 15, 2024.

d.     Expert Witness Disclosure

1.     The parties shall identify anticipated fields of expert testimony, if any:

Plaintiff anticipates that expert testimony in (a) insurance industry practices and standards, (b) medical experts regarding the injury to Dr. Sabin's eyes; and (c) the practice of orthopedic surgery and Dr. Sabin's inability to practice due to the injury to his eyes.

Defendants anticipate that they may retain expert witnesses in the same fields as Plaintiff.

120603341.1

9

2.  Limitations which the parties propose on the use or number of expert witnesses:

No more than one expert witness per subject matter.

3.  The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 6, 2023.

4.  The parties shall designate all responsive experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 17, 2023

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2023.

e.  Identification of Persons to Be Deposed:

Plaintiff may seek the following depositions:

Ryan Waterman, Lead Benefit Specialist
Kasandra Hazard, Lead Appeals Specialist
F.R.C.P. 30(b)(6) representative of Paul Revere
F.R.C.P. 30(b)(6) representative of Unum Group

Defendants may seek the following depositions:

Jeffrey Sabin, M.D.
Todd Maus, M.D.

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____

_____

b.  A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.       Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

None at this time.

b.       Anticipated length of trial and whether trial is to the court or jury:

Five days.

c.       Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LcivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LcivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2023.

120603341.1

11

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Zachary Warzel*                        */s/ Stephen Bressler*
Zachary Warzel                              Stephen M. Bressler
1290 Broadway, Suite 600                    201 E. Washington Street, Suite 1200
Denver, CO 80203                            Phoenix, AZ 85004
303.534.0401                                602.262.5311

120603341.1                                                                    12

## CERTIFICATE OF SERVICE

        I certify that on March 24, 2023, a true and correct copy of the foregoing was filed via CM/ECF system and was served upon the following:

**Counsel for Defendants:**

Elizabeth Michaels
1601 19th Street, Suite 1000
Denver, CO 80202
EMichaels@lewisroca.com

Stephen M. Bressler
201 E. Washington Street, Suite 1200
Phoenix, AZ 85004
Sbressler@lewisroca.com

                     *s/ Leslie J. Ruiz*
By: _____
                     Leslie J. Ruiz, Litigation Paralegal
                     Keating Wagner Polidori Free, P.C.