Unum
Worcester Benefits Center - Appeals Unit
PO BOX 9548
Portland, ME 04122-5058
Phone: **1-888-226-7959**
Fax: **1-207-575-2354**
www.unum.com



May 17, 2021

KEITH LAPUYADE
EVANS CASE, LLP
1660 S ALBION STREET STE 1100
DENVER, CO 80222

RE:    Sabin, Jeffrey J
       Claim Number:                    0102663943001
       The Paul Revere Life Insurance Company

Dear Attorney Lapuyade,

The Paul Revere Life Insurance Company completed the appeal review on your client, Jeffrey Sabin's Individual Disability claim.

Please read the following pages carefully, as they will help you understand how we reached our decision.

This letter includes the following:

- Initial Claim Decision

- The Appeal Decision

- Information that supports the Appeal Decision

- Our Response to your Concern(s)

- Policy Provisions that apply to the Appeal Decision

- Next steps available to you

If you would like me to review with you the information we have and how this decision was made, please call me at 1-888-226-7959, extension 75238.

**Initial Claim Decision:**

On January 06, 2021 the Benefits Center determined Dr. Sabin was not Totally Disabled from his occupation as a self-employed orthopedic spine surgeon and independent medical reviewer. Although unable to perform surgeries, he remains able and has continued to performing patient evaluations as well medical reviews for insurance companies. As he is not considered Totally Disabled, benefits under that provision as well as those under the Association Dues Benefits Rider were not payable.

UNUM IS A REGISTERED TRADEMARK AND MARKETING BRAND OF UNUM GROUP AND ITS INSURING SUBSIDIARIES.
1242-03



02875009281089401

*Claimant Name: Jeffrey J Sabin        Claim #:   18451825*

PRL-CL-IDI-003246

**EXHIBIT 15**

Claimant Name: Sabin, Jeffrey J
Claim Number: 0102663943001

On February 12, 2021 the Benefits Center completed their reevaluation of additional information and determined the initial decision remained unchanged.

As of April 22, 2021 the Benefit Center approved Dr. Sabin's claim for Residual Disability benefits since he has continued to be able to perform some of the important duties of his occupation and it is reasonable he would incur a loss of income to qualify for benefits.

**Appeal Decision:**

We determined the decision on Dr. Jeffrey Sabin's claim is correct.

Dr. Sabin is able to perform some of the important duties of his occupation/s, even with his medical diagnoses, and does not satisfy the definition of Total Disability under the policy.

The Benefits Centers benefit consideration under the Residual Disablity provision is appropriate, which has a maximum benefit period of 24 months provided he continues to meet the terms of the policy.

The Benefits Center will continue to monitor his medical condition for any changes by requesting periodic updates from him and his treating providers.

**Information that Supports our Decision:**

Within your April 23, 2021 letter, you expressed disagreement with the Benefits Center's decision that Dr. Sabin was not totally disabled from his occupation as an Orthopedic Surgeon.

On Appeal we conducted a review of the Benefits Center's initial decision and reevaluation of his disability claim for Total Disability benefits.

We agree there is no dispute that Dr. Sabin was unable to continue performing surgeries due to supported restrictions and limitations asserted by Dr. Todd Maus (ophthalmology) per the October 21, 2020 Attending Physician Statement, i.e. utilizing fine suture, fine forceps and pickups, photophobia, judging depth perception, decreased peripheral vision OU. (April 05, 2020 to unknown).

We agree Dr. Sabin's policy application dated April 4, 1994 was utilized to issue "own occupation" coverage and would be considered as part of the policy. This policy application information would not be contested after 2 years from the policy effective date.

While it was understood Dr. Sabin reported being a self-employed orthopedic surgeon, Dr. Sabin reported continuing to conduct his practice performing office visits and independent medical reviews for insurance companies.

The individual policy in which Dr. Sabin is covered, provides benefits to Total Disability or Residual Disability.

For Total Disability, the policy states in part, "*because of Injury or Sickness:*

    a.  *You are unable to perform the important duties of Your Occupation; and*

*Claimant Name: Jeffrey J Sabin*    *Claim #:*  *18451825*

PRL-CL-IDI-003247

**EXHIBIT 15**

> b. *You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You. "*

For Residual Disability, the policy states in part, "*due to Injury or Sickness which begins prior to age 65:*

> a. *(1) You are unable to perform one or more of the important duties of Your Occupation; or*
> *(2) You are unable to perform the important duties of Your Occupation for more than 80% of the time normally required to perform them; and*
> b. *You are receiving Physician's Care. We will waive this requirement if we receive written proof acceptable to Us that further care would be of no benefit to You; and*
> c. *You are not Totally Disabled.*

> *As of the first Commencement Date to occur, Residual Disability means that due to the continuation of that Injury or Sickness:*

> a. *You incur a Loss of Earnings while you are engaged in your Occupation or another occupation*"

The policy defines Your Occupation as, *"the occupation or occupations in which You are regularly engaged at the time Disability begins."*

The Benefits Center requested CPT billing/production information for the 12 months immediately preceding his claimed onset of disability, i.e. July 09, 2020. This information is considered as part of the Proof of Loss provision (included in the provisions sections below) and assisted in the verification and identification of Dr. Sabin's most common services he performed/billed within his practice prior to disability.

Per review of the claim file documentation, following receipt of Dr. Sabin's January 10, 2021 email (included within your appeal), in which he explained the impact the pandemic had on his practice, the Benefits Center reperformed the CPT analysis excluding the months in which the pandemic may have impacted his practice (March 2020 – July 2020). As such, the Benefits Center performed a new CPT analysis of March 2019 through February 2020, which Dr. Sabin reported within his statement as being part of a "routine year."

The CPT analysis concluded the main services he performed and billed for were the following: surgical procedures (42%) and legal medical reviews (37%). Although Dr. Sabin reported being a self-employed orthopedic surgeon, his billing and production reports supported he was performing services other than surgery.

It is understood Dr. Sabin offered and provided additional CPT billing/production information for up to 3 years prior. Per his email and own analysis of July 2016-17, July 2017-18 and July 2018-19, surgery accounted for 43,7%, 33,1% and 40.12% in which he indicated as a "routine year." During the same years, he specified office accounted for 32.82%, 33.28% and 27.14% while legal medical reviews were 23.4%, 33.61% and 31.74%.

While there is a variance of 5-10% higher for surgical charges for the years prior to March 2019, per Dr. Sabin's analysis outlined in his January 10, 2021 email, than the percentages referenced by the Benefits Center, this documentation did not support that surgery was the only

*Claimant Name: Jeffrey J Sabin        Claim #:  18451825*

PRL-CL-IDI-003248

**EXHIBIT 15**

and significant driver of his practice and services. Office and legal medical reviews individually accounted up to 30% of his practice's total charges, supporting that these services, along with surgery, were also an important duty of Dr. Sabin's occupation as an Orthopedic Surgeon and Independent Medical Reviewer.

The information that Dr. Sabin provided back to July 2016 supports that legal medical reviews was a duty he was routinely engaged in for the 3 years immediately prior to his claimed onset of disability. As such, it is even more reasonable that legal medical reviews be considered an important duty of Dr. Sabin's occupation as an Independent Medical Reviewer.

As stated previously and supported by the medical documentation, we agree Dr. Sabin would not be able to perform surgical duties. He has reported to the Benefits Center that he continues to perform patient evaluations, making referrals to other surgeons as necessary, as well as performs medical reviews for insurance companies.

The medical documentation does not support he would be precluded from performing these other important duties as reported by him. However, periodic medical updates will be performed by the Benefits Center to confirm any changes or worsening of his medical condition/s.

Given that surgeries are no longer being performed/changed, it is recognized he would incurred a loss of income, even though he has continued with patient evaluations and legal medical reviews. His policy would consider all his monthly earnings generated from these important duties, i.e. surgery, office and medical legal reviews. As such, the Benefits Center determined he may be eligible for Residual Disability benefits and requested the financial information necessary to complete this evaluation. On April 22, 2021 Residual Disablity benefits were approved and paid to Dr. Sabin based on the incurred loss of earnings while he continues working at a reduced capacity. Ongoing financial monitoring will be completed by the Benefits Center to confirm his ongoing eligibility benefit payments under the policy.

Based on our review of the claim file and information you provided on appeal, the decision to deny Total Disability benefits on your client's claim was appropriate. The available information supported Dr. Sabin is not medically restricted from and is continuing to perform some of the important duties of his occupation, as an Orthopedic Surgeon and Independent Medical Reviewer.

**Our Response to Your Concerns:**

You explained your concern that Unum disregarded the extension to appeal the initial claim decision that Dr. Sabin was not Totally Disabled when the Benefits Center proceeded with the approval of Residual Disability benefits.

On January 06, 2021 the Benefits Center rendered their initial claim decision that Dr. Sabin was not Totally Disabled. After receipt and review of additional information submitted by him requesting reconsideration, on February 12, 2021 the Benefits Center concluded their initial claim decision remained unchanged. He was advised that a referral was sent to the Appeal Department to ensure his concerns were addressed. During which time, Dr. Sabin confirmed he wanted to proceed with the appeal, but wanted additional time to provide information, while he also aimed to provide the requested financial information to the Benefits Center. It was understood that he was not conceding to the initial claim decision rendered.

Claimant Name: Sabin, Jeffrey J
Claim Number: 0102663943001

May 17, 2021
Page 5 of 8

Within the Benefits Center's January 06, 2021 and February 12, 2021 letters, it was explained that although Dr. Sabin was not considered Total Disabled, an eligibility review for Residual Disability benefits was ongoing. On April 12, 2021 this review was completed and Residual Disability benefits were approved.

We agree Dr. Sabin has continued to show compliance throughout the claim evaluation process. The Benefits Center requested the appropriate financial information per the Residual Disability provisions as required by the policy's Proof of Loss provision. This information was necessary to confirm his eligibility for Residual Disability benefits.

At no point during the claim evaluation did the Benefits Center or the Appeals Department communicate to Dr. Sabin that he had waived his Appeal rights by complying with the Benefits Center's requests for financial information or when Residual Disability benefits were approved. Instead, it was communicated to him in writing on February 23, 2021 and April 24, 2021 by the Appeals Department that he was granted an extension to appeal the initial claim decision that he was not Totally Disabled.

We have since completed an appeal review and concluded he is not Totally Disabled.

You reported concern that the Benefits Center only considered information which included the months in which the pandemic and stay at home orders would have impacted his practice. Due to this, you also stated the Benefits Center did not acknowledge the effects of the pandemic to Dr. Sabin's practice.

We acknowledge the Benefits Center's initial claim decision was in part based on a CPT analysis of the period of July 2019 through July 2020. That period included months in which the pandemic and subsequent stay at home orders were in effect.

The claim file documentation supports that during the re-evaluation of the initial decision, the Benefits Center gave consideration to Dr. Sabin's January 10, 2021 email. The CPT analysis was updated, utilizing data from March 2019 through February 2020 which is a period in which Dr. Sabin stated was part of a "routine year" within his January 10, 2021 email.

On appeal, the same consideration was given and our appellate vocational consultant confirmed the period reviewed was from March 2019 through February 2020.

You also outlined concerns with what you asserted to be Unum's three bucket formula when referencing the results of the CPT analysis.

The CPT (current procedural terminology) analysis was performed by a qualified medical billing specialist. CPT analyses have a standard format which organizes and classifies billing codes and units into specific and standard categories. As such, the referenced categories within the Benefits Center's and Appeal's decision are reflective of the categories commonly utilized and observed within CPT analysis reports.

On appeal, you provided written statements from two attorneys (Scott Robinson and Deana Dagner) and a colleague of Dr. Sabin (Dr. Andrew Castro) all asserting that he was a surgeon and if unable to perform surgery, he should be considered Totally Disabled and eligible for policy benefits. Additionally, it was asserted that if no longer able to perform surgery, he is no longer credible as a surgeon or an independent medical reviewer.

While we acknowledge and considered the additional statements from these individuals, Dr. Sabin's billing and production reports were obtained to verify the services he performed and billed. Although we agree he is a orthopedic surgeon that performed surgery, surgery was not the only or main source of income being generated through the practice. As supported by Dr. Sabin's January 10, 2021 email and CPT analyses performed by the Benefits Center, office evaluations and medical/legal reviews were individual services and income drivers of his practice. They are important duties of his occupation that he remains capable of performing even with the supported medical restrictions and limitations.

Additionally, his policy provides Total or Residual Disability benefits due to an injury or sickness. Information related to his credibility or ability to obtain other employment is irrelevant as to whether he is eligible for policy benefits.

## Policy Provisions that Apply to the Appeal Decision:

We relied upon your client's policy when making our decision, including the provisions listed below, and the Company reserves its right to enforce other provisions of the policy.

*Total Disability* means that because of Injury or Sickness:

c.  *You are unable to perform the important duties of Your Occupation; and*
d.  *You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You.*

*Your Occupation* means the occupation or occupations in which You are regularly engaged at the time Disability begins.

*Residual Disability*, prior to the Commencement Date, means that due to Injury or Sickness which begins prior to age 65:

d.  *(1) You are unable to perform one or more of the important duties of Your Occupation; or*
    *(2) You are unable to perform the important duties of Your Occupation for more than 80% of the time normally required to perform them; and*
e.  *You are receiving Physician's Care. We will waive this requirement if we receive written proof acceptable to Us that further care would be of no benefit to You; and*
f.  *You are not Totally Disabled.*

As of the first Commencement Date to occur, Residual Disability means that due to the continuation of that Injury or Sickness:

a.  *You incur a Loss of Earnings while you are engaged in your Occupation or another occupation; and*
b.  *You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further care would be of no benefit to you, and*
c.  *You are not Totally Disabled.*

*Residual Disability must follow right after a period of Total Disability that last at least as long as the Qualification Period, if any. This period is shown on the Policy Schedule.*

***Maximum Benefit Period*** *is the longest period of time for which We will pay benefits during any Disability. It is shown on the Policy Schedule.*

*We will not pay Residual Disability or Recovery benefits beyond the later of:*

a. *Your 65th Birthday; or*
b. *The date on which 24 months of Disability benefits have been paid.*

***Loss of Earnings****, for any month means Your Prior Earnings minus Your Monthly Earnings for the month for which a benefit is claimed. This difference will be considered a Loss of Earnings to the extent it is due to the Injury or Sickness which caused the Disability. The Loss of Earnings must be at least 20 % of Prior Earnings.*

*If the Loss of Earnings for any month is 75% or more of Prior Earnings, We will deem the loss to be 100% of Prior Earnings.*

***Prior Earnings*** *means the greater of:*

a. *Your average Monthly Earnings for the year just before Your Disability began; or*
b. *Your highest average Monthly Earnings for any 2 successive years during the 5 year period just before Your Disability began.*

***Monthly Earnings*** *means Your salary, wages, commissions, bonus, fees, and income earned for services performed. If You own any portion of a benefit or profession, it means:*

a. *Your share of the income earned by that busines or profession;*
b. *Less Your share of business expenses which are deductible for Federal income tax purposes;*
c. *Plus Your salary and any contributions to a pension or profit sharing plan made on Your behalf.*

*Monthly Earnings does not include:*

a. *Income from deferred compensation plans, disability income policies, or retirement plans; or*
b. *Income not derived from Your vocational activities.*

*We will allow either the cash or accrual accounting method. But during a Disability the same method must be used when determining Loss of Earnings.*

***WRITTEN PROOF OF LOSS***
*Written proof of loss must be sent to Us within 90 days after the end of each period for which You are claiming benefits. If that is not reasonably possible, Your claim will not be affected. But, unless You are legally incapacitated, written proof must be given within one year of the date it was required.*

*We can also require reasonable proof from You of Your:*

Claimant Name: Sabin, Jeffrey J
Claim Number: 0102663943001

May 17, 2021
Page 8 of 8

a. *Prior Earnings; and*
b. *Monthly Earnings for the month for which Disability is claimed.*

*This may include personal and business tax returns filed within the Internal Revenue Service, financial statements, accountant's statements or other proof acceptable to Us or which We may require. We can have an audit performed as often as is reasonably required while Your claim is continuing. Such an audit will be at Our expense.*

**Next Steps Available to your client:**

If you have any questions, please contact me at 1-888-226-7959, extension 75238.

| | |
|---|---|
| Spanish: To obtain assistance in Spanish, call 1-800-858-6843. | Para obtener asistencia en Español, llame al 1-800-858-6843. |
| Chinese: To obtain assistance in Chinese, call 1-800-858-6843. | （中文）：如果需要中文的帮助，请拨打这个号码：1-800-858-6843. |
| Tagalog: To obtain assistance in Tagalog, call 1-800-858-6843. | Kung kailangan ninyo ng tulong sa Tagalog, tumawag sa 1-800-858-6843. |
| Navajo: To obtain assistance in Dine, call 1-800-858-6843. | Dinek`ehgo shika at`ohwol ninisingo, kwiijigo holne` 1-800-858-6843. |

Sincerely,

*Kasandra Hazard*

Kasandra Hazard
Lead Appeals Specialist

Claimant Name: Jeffrey J Sabin     Claim #:   18451825

02875009281089402

PRL-CL-IDI-003253

**EXHIBIT 15**